Hornback's petition for a writ of mandamus is denied.

John F. KRECKMANN, Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS, Respondent.

No. 02–31–3.

United States Court of Appeals, Federal Circuit.

DECIDED: July 10, 2002.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and GAJARSA, Circuit Judge.

## DECISION

PER CURIAM.

The decision of the Merit Systems Protection Board ("Board") dismissing for lack of jurisdiction the petitioner Kreckmann's appeal from his reassignment at the same grade and pay to a different position in his agency, is affirmed.

## OPINION

I

The Department of Veterans Affairs reassigned its employee Kreckmann from his hearing officer position to one as a veterans claim examiner. The two positions had the same grade and pay.

When Kreckmann appealed his reassignment to the Board, the Board's administrative judge noted that because the reassignment was "without a loss of grade or pay," it was questionable whether the Board had jurisdiction. He ordered Kreckmann "to file evidence and argument to prove that this action is within the Board's jurisdiction." Kreckmann responded that his hearing officer position "was in fact abolished due to a planned agency-wide reorganization, and that [his] reassignment and subsequent reclassification was the direct result of that agency reorganization, and that the agency had therefore been required to utilize reduction-in-force (RIF) procedures."

In his initial decision, which became final when the Board refused to review it, the administrative judge dismissed the appeal for lack of jurisdiction. He noted that Kreckmann "does not dispute that his grade and pay were not reduced. Rather, the appellant argues that the agency noncompetitively reassigned him as part of reorganization without affording him the requisite RIF procedures." The administrative judge stated that under Board precedent "an agency is not required to follow RIF procedure where an employee is reassigned and another employee is not displaced" and that since there was no evidence that Kreckmann's "reassignment resulted in the displacement of another employee," or that Kreckmann "suffered a demotion as the result of the reassignment, ... the agency was not required to follow RIF procedures under the circumstances presented in this case."

## II

The Board's jurisdiction is limited and "allegations of a reassignment without change in grade or pay do not provide a basis for [Board] jurisdiction." *Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1426–27 (Fed.Cir.1984). Although Kreckmann argues in his informal brief that his reassignment "was in fact a 'demotion,'" the notification of personnel action (Standard Form 50–B) covering the reassignment shows that the position to which he was reassigned had the same grade (GM 13) and the same salary ($77,-196) as the position from which he was transferred.

The administrative judge ruled that this was not a reduction in force (over which the Board might have jurisdiction) because there was no indication that another employee was displaced as a result of Kreckmann's reassignment. Kreckmann contends that "there were in fact four employees displaced here during this reorganization, triggered by my reassignment." He has not provided any factual basis for this claim, however, and the administrative judge correctly rejected it and the accompanying claim that Kreckmann's agency should have followed reduction-in-force procedures in reassigning him.