Larry J. BUTLER, Petitioner,

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

No. 02–3301.

United States Court of Appeals, Federal Circuit.

June 13, 2003.

Larry J. Butler, pro se, of Shreveport, LA.

Phyllis Jo Baunach, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With her on the brief were David M. Cohen, Director, and Mark A. Melnick, Assistant Director. Of counsel on the brief was Mark S. Ledford, Senior Attorney, Office of General Law, Office of General Counsel, Social Security Administration, of Baltimore, MD.

Before NEWMAN, RADER, and DYK, Circuit Judges.

DYK, Circuit Judge.

This case presents the question of whether the Merit Systems Protection Board ("the Board") has jurisdiction over an appeal by an administrative law judge from a decision by the employing agency, the Social Security Administration ("SSA"), to eliminate his administrative and managerial duties as Hearing Office Chief Administrative Law Judge. The Board concluded that it did not have jurisdiction and dismissed the appeal. *Butler v. Soc. Sec. Admin.*, No. CB–7521–02–0002, slip op. at 5 (M.S.P.B. Dec. 12, 2001) ("Initial Decision"), *review denied*, No. CB–7521–02–0002, slip op. at 2, 2002 WL 1270122 (M.S.P.B. May 29, 2002) ("Final Order"). We affirm.

## BACKGROUND

The position of administrative law judge is created by statute. Under 5 U.S.C. § 3105, "[e]ach agency shall appoint as many administrative law judges as are necessary for proceedings required to be conducted in accordance with sections 556 and 557 of this title." 5 U.S.C. § 3105 (2000). Congress has also implemented a pay structure for administrative law judges and has delegated to the Office of Personnel Management ("OPM") the authority to "determine, in accordance with procedures which the Office shall by regulation prescribe, the level in which each administrative-law-judge position shall be placed and the qualifications to be required for appointment to each level." 5 U.S.C. § 5372(b)(2) (2000). OPM has created a pay structure based on seniority, which is codified at 5 C.F.R. § 930.210(a)-(f). One of the limited exceptions to this basic system is provided by 5 C.F.R. § 930.210(h):

> Subject to the approval of OPM, and on the appropriate recommendation of the employing agency, an agency may on a one-time basis, advance an administrative law judge in a position at AL–3 with added administrative and managerial duties and responsibilities one rate beyond that allowed under current pay rates for AL–3, up to the maximum Rate F.

5 C.F.R. § 930.210(h) (2003).

Pursuant to section 930.210(h), the SSA designates certain incumbent administra-

tive law judges to act as Hearing Office Chief Administrative Law Judges ("Hearing Office Chiefs"). These assignments are made "with the approval of the incumbent." (J.A. 30.) An administrative law judge so assigned becomes "responsible for the management of the hearing office to which assigned," in addition to his preexisting responsibility to "hold[ ] hearings and mak[e] and issu[e] decisions on appeals pursuant to the Social Security Act." (J.A. 30.) The SSA assigns the following "added administrative and managerial duties and responsibilities" to those administrative law judges designated as Hearing Office Chiefs:

> The [Hearing Office Chief] has administrative and managerial responsibility for all personnel in the hearing office (HO) and provides overall guidance and direction regarding adherence to time and attendance procedures; staffing, space, equipment and expert witness needs; rotational assignment of cases and review of work products; application of performance standards and appraisals; and approval of travel vouchers, itineraries and expenditures. The [Hearing Office Chief] provides advice and guidance to [administrative law judges] regarding the interpretation of applicable law, regulations, rulings and judicial precedents. The [Hearing Office Chief] participates in investigations, in coordination with the Regional Chief Administrative Law Judge, into allegations of misconduct on the part of any employee, including [administrative law judges], ensures compliance with the principles of equal employment opportunity and [the Office of Hearings and Appeal's] Affirmative Employment Plan, and conducts labor management functions consistent with collective bargaining agreements. The [Hearing Office Chief] also

ensures the timely and accurate response to public and congressional inquiries; performs liaison functions between the HO and various federal and local government agencies, including bar associations, medical and vocational rehabilitation associations; and conducts periodic training.

Social Security Administration, Office of Hearings and Appeals, *Hearings, Appeals and Litigation Law Manual,* at I–2–0–5.A (updated, Jan. 28, 2003), *available at* http://www.ssa.gov/OP—Home/hallex/hallex.html.

The petitioner, Larry J. Butler ("the petitioner"), began serving as the Hearing Office Chief of the SSA's Shreveport, Louisiana, Office of Hearings and Appeals on January 11, 2001. Pursuant to section 930.210(h), as a consequence of assuming additional administrative and managerial duties, the petitioner received a pay adjustment of one rate, from AL3/E to the maximum rate of pay, AL3/F. On September 17, 2001, the SSA's Acting Regional Chief Administrative Law Judge in Dallas, Texas, notified the petitioner that he was "removed as the [Hearing Office Chief] in the Shreveport Hearing Office." (J.A. 26.) The letter notifying the petitioner of his "removal" stated, "the removal of a [Hearing Office Chief] is at the discretion of the Regional Chief Administrative Law Judge with the concurrence of the Chief Administrative Law Judge." *Id.* According to the petitioner, he "was not given[ ] a statement of the grounds for his removal." (Appellant's Brief at 13.)

Before the Board, the petitioner alleged that he was removed in retaliation for his support of grievances filed by other administrative law judges, and that this action constituted a constructive removal in violation of 5 C.F.R. § 1201.142. (J.A. 25.)[1]

---

1. The petitioner did not assert a claim under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), or under 5 U.S.C. § 2302(b)(9).

The petitioner also alleged that he was removed "without due cause, and without compliance with 5 C.F.R. [§ ] 930.214(a) requiring hearing before the [Board]." *Id.* The petitioner admitted that he did not suffer a reduction in pay or grade upon losing his Hearing Office Chief duties. *Initial Decision,* slip op. at 2. He contends, however, that he suffered other types of harm, including damage to reputation, diminished opportunities for advancement in the federal government, and the loss of certain perquisites, such as "a larger office than a line [administrative law judge,] ... a dedicated printer ... [and] paid parking by the agency, etc." (Appellant's Brief at 26–27.)

On September 23, 2001, the petitioner appealed the loss of his Hearing Office Chief duties to the Board. On November 13, the SSA filed a motion to dismiss for lack of Board jurisdiction. On December 12, 2001, in an Initial Decision, the Board dismissed the appeal for lack of jurisdiction. *Initial Decision,* slip op. at 5.

Congress has granted the Board jurisdiction over appeals from certain adverse actions taken by agencies against administrative law judges. 5 U.S.C. § 7521 (2000). OPM has promulgated regulations to implement this statute. 5 C.F.R. §§ 930.201–930.216 (2003). Under 5 C.F.R. § 930.214(a), the Board has jurisdiction over removals, suspensions, reductions in grade, reductions in pay, or furloughs for 30 days or less. 5 C.F.R. § 930.214(a) (2003). In this case, the Board held that section 930.214(a) provided jurisdiction only if the SSA's action constituted a "removal" of the petitioner, since there had been no reduction in pay

or grade. The regulations define "removal" as the "discharge of an administrative law judge from the position of administrative law judge or involuntary reassignment, demotion, or promotion to a position other than that of administrative law judge." 5 C.F.R. § 930.202(f) (2003). Applying this definition of "removal," the Board concluded that "a plain reading of Section 930.202(f) does not encompass the reassignment or demotion of a *hearing office chief* administrative law judge." *Id.* (emphasis in original).

The regulations also give the Board jurisdiction over certain "reassignments." 5 C.F.R. § 930.205 (2003). Section 930.205 provides that an agency may only "reassign" an administrative law judge "from one administrative law judge position to another administrative law judge position" with prior approval of OPM, for bona fide management reasons, and "in accordance with regular civil service procedures and merit system principles." 5 C.F.R. § 930.205 (2003). The Board determined that this regulation covers only "an 'administrative law judge,' not a hearing office chief administrative law judge" and concluded that it did not have jurisdiction under this regulation. *Initial Decision,* slip op. at 4.[2]

On March 29, 2002, the Board dismissed the petitioner's petition for review. *Final Order,* slip op. at 2. The petitioner timely appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

▮ Whether the Board has jurisdiction to adjudicate a case is a question of

---

2. The Board also rejected the petitioner's contention that the Board had jurisdiction because the SSA's action constituted a "constructive removal." *Initial Decision,* slip op. at 4–5. The petitioner did not properly raise

this issue on appeal. In any event, the constructive removal claim is without merit. *See Sannier v. Merit Sys. Prot. Bd.,* 931 F.2d 856, 858–59 (Fed.Cir.1991).

law, which we review without deference. *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000). The Board's jurisdiction is limited to that expressly granted by statute, rule or regulation. *Hartman v. Merit Sys. Prot. Bd.*, 77 F.3d 1378, 1380 (Fed.Cir.1996).

I

The petitioner first contends that the Board has jurisdiction under 5 U.S.C. § 7521. That statute provides as follows:

(a) An action may be taken against an administrative law judge appointed under section 3105 of this title by the agency in which the administrative law judge is employed only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board.

(b) The actions covered by this section are

(1) a removal;

(2) a suspension;

(3) a reduction in grade;

(4) a reduction in pay; and

(5) a furlough of 30 days or less;

but do not include

(A) a suspension or removal under section 7532 of this title;

(B) a reduction-in-force action under section 3502 of this title;

or

(C) any action initiated under section 1215 of this title.

5 U.S.C. § 7521 (2000).

■ In *Maddox v. Merit Systems Protection Board*, 759 F.2d 9 (Fed.Cir. 1985), we determined that the Board did not have jurisdiction over an appeal from the reassignment of an employee to a position with the same grade and pay as his former position, under 5 U.S.C. § 7512. *Id.* at 10. We concluded that the Board did not have jurisdiction, because "the reassignment did not reduce Maddox's grade or pay." *Id.* The language of section 7512 is nearly identical to that of section 7521, the jurisdictional statute at issue in this case.[3] It is a "normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." *Dep't of Revenue of Or. v. ACF Indus., Inc.*, 510 U.S. 332, 342, 114 S.Ct. 843, 127 L.Ed.2d 165 (1994) (citations omitted). That rule has particular force where "the words at issue are used in two different sections of a complex statutory scheme and those two sections serve the same purpose." *Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 260 F.3d 1365, 1379 (Fed.Cir.2001). Both section 7521 and section 7512 have the purpose of defining the Board's jurisdiction over appeals from adverse actions taken by agencies against employees. We conclude that section 7521 must be construed consistently with its sister provision, section 7512. In the present case, as in *Maddox*, the action taken by the SSA in divesting the petitioner of his Hearing Office Chief duties did not reduce the petitioner's grade or pay. We accordingly conclude that section 7521 does not vest the Board with jurisdiction over the action taken against the petitioner in this case.

■ The petitioner contends, however, that we should construe section 7521 differently from section 7512, because, he asserts, the regulations implementing section 7521 define "removal" more expan-

---

**3.** Section 7512 grants the Board jurisdiction to hear an appeal from "(1) a removal; (2) a suspension for more than 14 days; (3) a re- duction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less." 5 U.S.C. § 7512 (2000).

sively than we interpreted that term in *Maddox*. The regulation implementing section 7521 defines the Board's jurisdiction in terms that track the language of the statute. 5 C.F.R. § 930.214(a) (2003). However, unlike the statute, the regulations define "removal," stating that it includes the "discharge of an administrative law judge from the position of administrative law judge *or involuntary reassignment, demotion, or promotion to a position other than that of administrative law judge.*" *Id.* at § 930.202(f) (emphasis added). The petitioner contends that this definition captures the action the SSA took against him in this case, because such action constituted either a "reassignment" or a "demotion." [4] We disagree.

The regulation, properly read, covers only a "reassignment" or "demotion" "to a position other than that of an administrative law judge." *Id.* This interpretation is confirmed by OPM's commentary on the regulation upon its publication in the Federal Register:

> One commentator asked if in defining "removal" in § 930.202(f), OPM meant to provide that in addition to discharge of an administrative law judge, an involuntary reassignment, involuntary demotion or involuntary promotion to a position other than that of an administrative law judge would constitute removal. Such "involuntary" personnel actions *to a position other than that of an administrative law judge* have long been defined by OPM as constituting removal from the position of administrative law judge.

Programs for Specific Positions and Examinations (Miscellaneous); Appointment, Pay, and Removal of Administrative Law Judges, 52 Fed.Reg. 34201, 34202 (Sept. 10, 1987) (emphasis added). In the present case, the petitioner was not demoted or reassigned "to a position other than that of an administrative law judge." [5] Therefore, the action taken by the SSA in divesting him of his Hearing Office Chief duties did not constitute a "removal" as defined by the regulations, and the Board did not have jurisdiction over his appeal under 5 U.S.C. § 7521 or its implementing regulation, 5 C.F.R. § 930.214.

## II

■ The petitioner further argues that the Board has jurisdiction over his appeal under 5 C.F.R. § 930.205. That regulation provides as follows:

> An agency may reassign an administrative law judge who is serving under absolute appointment from one administrative law judge position to another administrative law judge position at the same grade in the same agency, with the prior approval of OPM on a noncompetitive basis, provided the assignment is for bona fide management reasons and in accordance with regular civil service procedures and merit system principles.

5 C.F.R. § 930.205 (2003). The petitioner contends that the action the SSA took in divesting him of his Hearing Office Chief duties constituted a "reassignment" under this provision without the prior approval of OPM, and that the Board has jurisdiction

---

4. We note that the petitioner improperly cites our non-precedential decision in *Kreckmann v. Dep't of Veterans Affairs*, No. 02–3103, 41 Fed.Appx. 393 (July 10, 2002). (Appellant's Brief at 30.) Our rules specify that non-precedential opinions "must not be employed or cited as precedent." Fed. Cir. R. 47.6(b).

5. We also note that 5 C.F.R. § 930.204 defines a "promotion" as an increase in grade level. *Id.* It seems to follow that because the agency's action in this case did not result in a reduction in grade level for the petitioner, it was not a "demotion" under 5 C.F.R. § 930.202(f) for that reason as well.

to determine whether such action was for bona fide management reasons and in accordance with regular civil service procedures and merit system principles.

We have not interpreted this regulation before. The issue is whether SSA's action in divesting the petitioner of his Hearing Office Chief duties constituted a "reassign[ment] ... from one administrative law judge position to another administrative law judge position." The regulations define "administrative law judge position" as follows: *"Administrative law judge position* means a position in which any portion of the duties includes those which require the appointment of an administrative law judge under 5 U.S.C. § 3105." 5 C.F.R. § 930.202(c) (2003). The "duties" that require the appointment of an administrative law judge are the conducting of "proceedings required to be conducted in accordance with section 556 and 557 of this title." 5 U.S.C. § 3105 (2000). Section 556 and 557 relate only to the conduct of hearings. There is nothing in sections 556 and 557 concerning proceedings to be conducted by a "Hearing Office Chief" or the duties of a "Hearing Office Chief." Thus, the duties of an administrative law judge do not include the administrative and managerial duties of the Hearing Office Chief, and we conclude that a "Hearing Office Chief" is not a separate "administrative law judge position" as contemplated by section 3105. Rather, the title "Hearing Office Chief" merely indicates that an administrative law judge has assumed managerial responsibilities in addition to the statutorily prescribed duties for the conduct of hearings.

Therefore, when the SSA divested the petitioner of his Hearing Office Chief duties, it did not constitute a "reassign[ment] ... from one administrative law judge position to another administrative law judge position." 5 C.F.R.

§ 930.205 (2003). The petitioner retained his statutory duty to conduct "proceedings required to be conducted in accordance with section 556 and 557 of this title," 5 U.S.C. § 3105 (2000), and retained his administrative law judge position. The action taken by the SSA did not, therefore, constitute a "reassignment" under section 930.205, and the Board did not have jurisdiction under that provision.

## CONCLUSION

The petitioner failed to meet the burden of establishing subject matter jurisdiction over his appeal. *See Sannier v. Merit Sys. Prot. Bd.,* 931 F.2d 856, 858 (Fed.Cir. 1991). The Board did not have jurisdiction pursuant to 5 U.S.C. § 7521 and its implementing regulation, 5 C.F.R. § 930.214, or pursuant to 5 C.F.R. § 930.205. The decision of the Merit Systems Protection Board is, therefore,

*AFFIRMED.*

## COSTS

No costs.