**Buck E. COLBATH, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 03–3210.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 19, 2004.

Before NEWMAN, DYK, and GAJARSA, Circuit Judges.

PER CURIAM.

Buck Colbath petitions the court to review the final decision of the Merit System Protection Board (the "MSPB" or the "Board") sustaining dismissal of Mr. Colbath's claims. Mr. Colbath does not contest the MSPB's denial of his claim of discrimination on the basis of veteran's status.

The MSPB dismissed Mr. Colbath's claims of involuntary retirement and race, age, and gender discrimination on the basis that the MSPB lacked jurisdiction to hear his claims because Mr. Colbath did not establish by preponderant evidence that his retirement was involuntary. *Buck E. Colbath v. Dep't of the Army,* DA-0752-01-0323-I-1, slip. op. at 4, 17 (M.S.P.B. Feb. 19, 2002). Because the MSPB had jurisdiction over *all* of Mr. Colbath's claims once Mr. Colbath made a nonfrivolous allegation of involuntary retirement, we *vacate* and *remand* for further proceedings consistent with this opinion.

BACKGROUND

Mr. Colbath was employed as a GS-11 Budget Analyst for the Army at Fort Hood, Texas, until his retirement on September 1, 1998. He was the only male member of the division supervised by Elida Castro.

In June 1996, Ms. Castro submitted a "counseling statement" to Mr. Colbath that outlined a number of problems with his work performance, including incorrect calculations of pay obligations and estimates and ineffectual coordination with personnel at other Army bases. Over a year later, in November 1997, Ms. Castro again submitted a counseling statement to Mr. Colbath regarding his performance, citing similar problems. At that time, Ms. Castro gave Mr. Colbath a performance rating of "fair" and reassigned him to a "lower stress" budget analyst position within her division. On August 4, 1998, Ms. Castro issued a counseling statement to Mr. Colbath relating to her November evaluation. Ms. Castro noted that Mr. Colbath was requiring "continuous guidance" on funding decisions and that accounts under his supervision were "always in turmoil." In her letter, she told Mr. Colbath that she was intending to "take appropriate action" to resolve the situation. That same day, she spoke to Mr. Colbath in person and informed him that she would be going to the Civilian Personnel Office to suggest a performance improvement plan for him.

Two days after the counseling statement was received, Mr. Colbath concluded that he would be fired shortly and contacted Ms. Castro's supervisor, Arthur Woods. By letter, Mr. Colbath requested (1) that his last evaluation be replaced with a better evaluation to aid him in finding new employment or (2) that his evaluation be replaced and that he be reassigned within Fort Hood. As a third option, Mr. Colbath stated that he would accept a Voluntary Separation Incentive Plan ("VSIP") entitling him to an early retirement bonus, retire, and then file an equal employment opportunity ("EEO") complaint alleging age, sex, and race discrimination. According to the letter, Mr. Colbath alleged that (1) the entire budget department was predominately female, (2) women were promoted more often than men in the department, (3) one woman under 40 in his division was permitted preferential treatment regarding work hours, and (4) a similarly situated female employee in the department was shown greater leniency regarding mistakes. Mr. Colbath further suggested that his poor evaluations were a pretext and that his

performance ratings did not deteriorate until Ms. Castro was told that the division was "overmanned by a GS–560–11."

After consulting with Ms. Castro, Mr. Woods informed Mr. Colbath that the poor evaluation would not be changed. Mr. Woods then provided Mr. Colbath with a contact person to initiate an EEO complaint, and further emphasized that Mr. Colbath's decision on retirement would be a "personal matter" that would be up to Mr. Colbath to decide.

When told of Mr. Colbath's threatened retirement, Ms. Castro e-mailed Mr. Colbath that she "would have no problem" with his retirement "if that is what you want to do." She also clarified that she issued her counseling statement because he was not performing up to the standards required by his job, not because she wanted him terminated or out of her division.

Mr. Colbath retired on September 1, 1998, accepting a $25,000 VSIP. He then filed an EEO complaint alleging involuntary retirement and discrimination on the basis of his race (white, non-hispanic), sex, age (over 40), and in retaliation for prior EEO activity. The EEO administrative judge determined that the complaint was a "mixed case" and returned the case to the Army for a final agency decision. On February 8, 2001, the Army issued its decision finding no discrimination and informed Mr. Colbath of his right to appeal to the MSPB pursuant to 5 U.S.C. § 7702(a) (2000). Mr. Colbath timely filed his appeal with the MSPB.

On February 19, 2002, the Administrative Judge Marie Malouf dismissed Mr. Colbath's claims for constructive discharge by finding that the MSPB lacked jurisdiction. According to Judge Malouf, the MSPB lacked jurisdiction because Mr. Colbath did not prove by preponderant evidence that his retirement was involuntary. In her findings, Judge Malouf determined that Ms. Castro was not trying to "get rid of" Mr. Colbath, that Ms. Castro had legitimate concerns about Mr. Colbath's performance, and that Ms. Castro's counseling did not show an intent to fire the appellant. The judge also credited both Ms. Castro and Mr. Wood's testimony that they were not trying to force Mr. Colbath to retire and that they both told him that retirement was a personal decision. Based on these findings and the acceptance of the VSIP, the judge found that Mr. Colbath had not met his burden of proof. Judge Malouf therefore determined that she lacked jurisdiction over Mr. Colbath's claim of involuntary retirement.

As a result of finding no jurisdiction over the involuntary retirement claim, Judge Malouf also dismissed Mr. Colbath's pendent claims of age, race, and sex discrimination. The judge thus did not consider or make findings on Mr. Colbath's appeal alleging age, race, and sex discrimination.

This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703.

## DECISION

A. *Standard of Review*

Appellate review of MSPB decisions is limited under 5 U.S.C. § 7703(c) (2003). A final board decision can be reversed only if that decision is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. *Farrell v. Dep't of Interior,* 314 F.3d 584, 589 (Fed.Cir.2002); *Cross v. Dep't of Transp.,* 127 F.3d 1443, 1446 (Fed.Cir. 1997).

Whether the Board has jurisdiction to adjudicate a case is a question of law re-

viewed de novo. *Butler v. Soc. Sec., Admin.*, 331 F.3d 1368, 1371–72 (Fed.Cir. 2003).

### B. *Jurisdiction Over Involuntary Retirement Claims*

The Army admits that Judge Malouf erred in dismissing Mr. Colbath's claims of involuntary retirement for lack of jurisdiction.[1] Voluntary actions, such as retirement, are not appealable to the MSPB. *Talley v. Dep't of the Army*, 50 M.S.P.R. 261, 263 (1991). An involuntary retirement, however, is considered equivalent to a removal action and is permitted review by the MSPB. *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (1999). According to our precedent, subject matter jurisdiction vests with the MSPB once the claimant asserts a nonfrivolous claim of forced retirement:

> To the extent a successful claim against the government requires compliance with all statutory elements of the claim, failure of proof of an element of the cause of action means the petitioner is not entitled to the relief he seeks. To conclude in such a case that the petitioner loses because the forum is "without jurisdiction" is to obscure the nature of the defect. It would be more accurate to conclude that the petitioner has failed to prove the necessary elements of a cause for which relief could be granted. The forum had jurisdiction to hear the matter in the first instance—that is, subject-matter jurisdiction existed—as long as the petitioner asserted nonfrivolous claims.

*Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 678–88 (Fed.Cir.1992). As explained in *Spruill*, a petitioner establishes jurisdiction with a nonfrivolous allegation; if the petitioner then fails to prove his claim by preponderant evidence, the claim is decided on the merits rather than on jurisdictional grounds. As we have repeatedly stated, a petitioner does not need to *prove* his claim of involuntary retirement to establish subject matter jurisdiction. *Id.*; *Yunus v. Dep't Vet. Affairs*, 242 F.3d 1367, 1372 (Fed.Cir.2001). Dismissals for lack of subject matter jurisdiction on such grounds are improper.

Our recent precedent has strongly admonished the MSPB to use the *Spruill* standard to determine whether it has subject matter jurisdiction over a petitioner's claim. *Id.*; *Spencer v. Navy*, 327 F.3d 1354, 1356–57 (Fed.Cir.2003).

Mr. Colbath's present appeal to this Court establishes the importance of complying with the *Spruill* standard.

Because the administrative judge found no jurisdiction on the basis of Mr. Colbath's claim of involuntary retirement, she did not reach his pendent claims of age, race, and gender discrimination. The MSPB does not have jurisdiction over discrimination claims unless it has jurisdiction over the appeal through another claim properly before the Board. *Saunders v. Merit Sys. Prot. Bd.*, 757 F.2d 1288, 1290 (Fed.Cir.1985). Once the MSPB has jurisdiction over the appeal, however, the MSPB has a statutory mandate to hear the petitioner's pendent claims of discrimination:

1. In light of the Army's concession, we need not determine whether Mr. Colbath's allegations were in fact sufficient. But, as we said in *Dorrall v. Dep't of the Army*, 301 F.3d 1375 (Fed.Cir.2002), the standard for establishing Board jurisdiction "is analogous to that for summary judgment. Thus in this context, the petitioner must show the existence of a material fact issue as to voluntariness to support Board jurisdiction. Non-frivolous allegations cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner." *Id.* at 1380; *see also, Dick v. Dep't of Vet. Affairs*, 290 F.3d 1356, 1361 (Fed.Cir.2002).

§ 7702. Actions involving discrimination

(a) (1) Notwithstanding any other provision of law ... in the case of any employee or applicant for employment who—

(A) *has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and*

(B) *alleges that a basis for the action was discrimination* prohibited by—

  (i) section 717 of the Civil Rights Act of 1964 (42 U.S.C.2000e–16),

  (ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),

  (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

  (iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

  (v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph, *the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action* in accordance with the Board's appellate procedures under section 7701 of this title and this section.

5 U.S.C. § 7702(a) (emphasis added); *see also Ballentine v. Merit Sys. Prot. Bd.,* 738 F.2d 1244, 1246 (Fed.Cir.1984).

When Mr. Colbath made his allegations of forced retirement, he had an appealable action before the Board. By statute, the Board was required to hear both his discrimination claims and the appealable action. Because the MSPB erred in its analysis of its own subject matter jurisdiction, Mr. Colbath was denied an opportunity to press his appeal of the Army's decision regarding his claims of age, race, and sex discrimination. Even more troublesome, because the MSPB itself did not address his discrimination claims, Mr. Colbath was denied judicial review of an adverse decision on those claims in the district courts. 5 U.S.C.S. § 7703(b)(1).

Despite the MSPB's error in dismissing Mr. Colbath's claims, the Army requests that this Court affirm the decision. As the Army points out, the administrative judge dismissed the appeal only after determining that Mr. Colbath did not prove involuntary retirement by preponderant evidence. While this Court has affirmed dismissals in cases analogous to that presented here, by properly characterizing the judge's decision as a dismissal for failure to state a claim upon which relief can be granted, *see Langer v. Dep't of the Treasury,* 265 F.3d 1259, 1264–65 (Fed.Cir.2001) (affirming dismissal in the context of forced retirement); *Spencer,* 327 F.3d at 1358 (affirming dismissal in the context of an individual right of action for a WPA claim); *Walley v. Dep't of Vet. Affairs,* 279 F.3d 1010, 1021–22 (Fed.Cir.2003) (affirming dismissal as "harmless error" in the context of a claim for termination as a result of injuries received), those cases did not raise pendent issues requiring review by the MSPB. The MSPB's dismissal of Mr. Colbath's petition denied Mr. Colbath's statutory rights to an appeal before the Board as well as federal judicial review of his discrimination claims. The MSPB's decision was therefore not in accordance with law.

Upon remand, the MSPB should review all of Mr. Colbath's claims that were improperly dismissed. We vacate and remand for further proceedings consistent with this opinion.

Costs to Petitioner.