**Marcus BONDS, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 03–3281.

United States Court of Appeals, Federal Circuit.

DECIDED: April 9, 2004.

Michael Bahler, Principal Attorney, David M. Cohen, Harold D. Lester, Jr., of Counsels, Washington, DC, for Respondent.

Marcus Bonds, of Counsel, Alexandria, VA, for Petitioner.

Before MAYER, Chief Judge, LOURIE and GAJARSA, Circuit Judges.

PER CURIAM.

Marcus Bonds seeks review of the final decision of the Merit Systems Protection Board dismissing his appeal under the Veterans Employment Opportunities Act of 1988 ("VEOA"), Pub.L. No. 105–339, 112 Stat. 3182 (Oct. 31, 1998), for lack of jurisdiction. *Bonds v. Dep't of the Treasury,* No. DC–3443–02–0315–I–1 (M.S.P.B. Apr.16, 2002). We *affirm.*

We must affirm the final decision of the board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Whether the board had jurisdiction to hear Bonds' appeal is a question of law that we review *de novo. See Butler v. SSA,* 331 F.3d 1368, 1371–72 (Fed.Cir.2003). Under VEOA,

the board has jurisdiction over an appeal alleging a violation of any right under a statute or regulation relating to veterans preference. 5 U.S.C. § 3330a (2000). In order to establish jurisdiction in such cases an appellant must show, among other things, that he is a preference eligible veteran. *Id.* Bonds contends "VEOA extends to a larger population than 'Preference Eligibles' for which remedy is contained in 5 C.F.R. § 1208.25." The route of redress that Bonds has chosen to pursue—filing his complaint with the Secretary of Labor under 5 U.S.C. § 3330a(a)(1)—requires that a veteran be preference eligible, and section 1208.25 does not support his broad proposition. Bonds was not preference eligible under 5 U.S.C. § 2108(4) because he retired at the rank of lieutenant colonel and was not disabled.