NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3444

LINDA BLAKEMORE,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

———————————————

DECIDED:  October 20, 2005

———————————————

Before LOURIE, GAJARSA, and ARCHER, Circuit Judges.

PER CURIAM

## DECISION

Linda Blakemore, an alleged whistleblower, petitions this court to reverse the July 30, 2004 final order of the Merit Systems Protection Board ("MSPB") that declined to reopen the initial decision of the MSPB's administrative judge ("AJ").  The AJ found that Blakemore had failed to establish jurisdiction because she failed to demonstrate that her actions were not part of her normally assigned duties.  Upon review of the record, we affirm.

## BACKGROUND

On appeal to the MSPB, the AJ found that Blakemore failed to raise "a non-frivolous allegation that she engaged in whistleblowing activity by making a protected disclosure." The AJ found that Blakemore's "challenge . . . constitute[d] little more than a bare assertion that the work described was not part of her normal duties" at the Quantico Business Performance Office ("BPO"). Furthermore, her job description, performance evaluation, and her own subsequent employment application all indicated that the investigation and disclosure of unauthorized expenditures and pay violations at Quantico's Marine Corps Community Services division ("MCCS") was one of her normal duties.

## STANDARD OF REVIEW

We review whether the MSPB has jurisdiction over a matter de novo. See Butler v. Soc. Sec. Admin., 331 F.3d 1368, 1371-72 (Fed. Cir. 2003). Such a review is made without deference. Id.

## DISCUSSION

In order to establish jurisdiction, Blakemore must show "'(1) [s]he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).'" Huffman v. Office of Personnel Mgmt., 263 F.3d 1341, 1347 (Fed. Cir. 2001) (citation omitted). The heart of Blakemore's appeal is whether her reporting of MCCS misconduct was protected within the meaning of the Whistleblowing Protection Act ("WPA"). We have held that

disclosures made as part of an employee's normal job responsibilities through normal channels are not covered by the WPA. See id. at 1352-53.

Blakemore alleges that her MCCS report was not within her normal employment responsibilities and that she did not report the alleged transgressions through normal channels. She contends that the report was not "normal" in the context of her other employment responsibilities, which were to perform studies and to improve base efficiency. She claims that audits to find rule violations were not within her normal job responsibilities. We do not agree.

One of her "major duties" contained in the BPO job description included "[p]articipat[ing] as a team leader or member in management surveys, projects and investigations directed by the Commanding General." In fact, the Commanding General Clifford Stanley assigned Blakemore the task of investigating the MCCS, a fact she does not dispute. Although Blakemore's position responsibilities may have focused on improving base efficiencies and not investigations, the MCCS report was not outside her normal employment requirements.

Blakemore presents no more than conclusory allegations that the MCCS report was not within her normal job responsibilities. In light of her job description and her own representations, such allegations are frivolous. Thus, we affirm the MSPB's decision and deny the petition.