NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1580
_____

CHARLES BRIDGES,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY; JASPER J. BEDE;
JANET LANDESBURG; REANA SWEENEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5-12-cv-02316)
District Judge:  James Knoll Gardner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2015

Before:  FISHER, JORDAN and GREENAWAY, Jr., *Circuit Judges*.

(Filed: April 6, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

Charles Bridges, an administrative law judge ("ALJ") with the Social Security Administration ("SSA"), appeals the District Court's denial of his motion for preliminary injunctive relief as well as the District Court's dismissal of two supplemental pleadings. Bridges sought to enjoin his supervisors from temporarily removing him from hearing disability cases until he completed a ten-day training session on agency policies. Bridges has since completed the training session and has returned to hearing disability cases. We will dismiss the appeal as moot.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Bridges is an ALJ with the SSA's office in Harrisburg, Pennsylvania. In June 2010, Bridges lost his position as the Hearing Office Chief ALJ for the SSA's Harrisburg office but remained an ALJ in that office. Following his position change, Bridges filed this action against the Commissioner of the SSA and three individual ALJs for discrimination on the basis of race in violation of Title VII of the Civil Rights Act[1] and for various due process and tort claims.

---

[1] 42 U.S.C. § 2000e.

2

The instant appeal, however, is limited to the District Court's denial of Bridges's motion for a temporary restraining order or preliminary injunction that he filed on February 21, 2014. On February 18, 2014, Bridges's supervisors told him that he had been subjected to a "focused review of adjudicated SSA disability cases for fiscal year 2013."[2] Based on this review—which SSA says showed that Bridges's decisions in disability cases did not comply with SSA standards—Bridges was told he had to attend a ten-day training session. During this ten-day period, Bridges would not hear disability cases, and his cases would be reassigned to other ALJs. Through his motion for preliminary relief, Bridges sought to preserve the status quo, i.e., to enjoin his supervisors' requirement that he attend the ten-day training session.

The District Court scheduled a hearing on the preliminary injunction motion for February 24, 2014. On the day of the hearing, however, neither Bridges nor his counsel appeared at the scheduled time and neither could be located. Counsel for defendants appeared at the hearing and also filed an opposition to the preliminary injunction motion, arguing that Bridges could not show a likelihood of irreparable harm. Based on the parties' written submissions, the District Court denied Bridges's motion because he could not satisfy any of the required elements for preliminary injunctive relief and because he failed to prosecute the motion. Bridges filed a motion for reconsideration, but he withdrew the motion before the District Court ruled on it.

---

[2] (J.A. 34a (internal quotation marks omitted).)

3

In addition to the District Court's denial of his preliminary injunction motion, Bridges's notice of appeal stated that he was also appealing the District Court's dismissal of his first supplemental pleading and its denial of his request to file a second supplemental pleading. The first supplemental pleading concerned two positions Bridges applied for but allegedly was denied a meaningful opportunity to be considered for due to retaliation and discrimination based on his race. The second supplemental pleading concerned a December 2013 change in the Hearing Office Chief ALJ position description. Bridges alleged that the change in position description conferred new authority on the Regional Chief ALJ to remove a Hearing Office Chief ALJ, thus showing that his June 2010 removal from the position of Hearing Office Chief ALJ was unlawful.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. This Court generally has jurisdiction to review the denial of a preliminary injunction under 28 U.S.C. § 1292(a)(1). But when something happens during the course of litigation that "prevent[s] a court from being able to grant the requested relief, the case must be dismissed as moot."[3] Specifically, "when the event sought to be enjoined in a preliminary injunction has occurred, an appeal from the order denying the preliminary

---

[3] *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996); *see also Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992) (noting that "mootness is a jurisdictional issue").

injunction is moot."[4]  Here, Bridges sought to enjoin the action requiring him to attend training and temporarily reassigning his cases to other ALJs.[5]  He has since completed the training and has been reinstated to hear cases.[6]  His appeal is therefore moot.[7]

Additionally, we lack jurisdiction to review the District Court's dismissal of Bridges's supplemental pleadings because that dismissal was not a final decision appealable under 28 U.S.C. § 1291.

## III.

For the reasons set forth above, we will dismiss the appeal as moot.

---

[4] *Scattergood v. Perelman*, 945 F.2d 618, 621 (3d Cir. 1991).

[5] (J.A. 31a (requesting the District Court to stay the "February 18, 2014 employment action . . . pending disposition of Plaintiff's motion for preliminary injunction").)

[6] (Supplemental App. SA405–06.)

[7] Even if the appeal was not moot, we would affirm the denial of the preliminary injunction motion because Bridges has failed to make a clear showing of irreparable harm in the absence of preliminary relief.  Both before the District Court and this Court, Bridges has offered no evidence of irreparable injury and has instead argued that such injury should be presumed.  Bridges has not identified any authority for such a presumption, and this Court has expressly rejected such a presumption in employment discrimination cases.  *See Marxe v. Jackson*, 833 F.2d 1121, 1127 (3d Cir. 1987).