NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN F. BAZAN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2015-3105

---

Petition for review of the Merit Systems Protection Board in No. SF-3330-13-4195-I-1.

---

Decided: February 26, 2016

---

JOHN F. BAZAN, Whittier, CA, argued pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by SCOTT D. AUSTIN, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before MOORE, O'MALLEY, and WALLACH, *Circuit Judges.*

MOORE, *Circuit Judge.*

John F. Bazan appeals from the final decision of the Merit Systems Protection Board ("Board") affirming the administrative judge's denial of his Veterans Employment Opportunities Act ("VEOA") claim. *Bazan v. Dep't of Army*, No. SF-3330-13-4195-I-1, 2015 WL 247444 (M.S.P.B. Jan. 15, 2015). We *affirm*.

## BACKGROUND

Mr. Bazan is a preference-eligible Contracts Attorney with the Department of the Army, U.S. Army Corps of Engineers ("USACE"). In 2013, Mr. Bazan applied for the excepted service position of Deputy District Counsel for the USACE Los Angeles District. Of the forty-six eligible candidates, USACE interviewed three candidates, including Mr. Bazan. All three interviewed candidates were attorneys with the USACE Los Angeles District. The hiring panel selected a non-veteran for the position, explaining in a memo that the selectee's "knowledge, skills, ability, potential and performance during the interview placed her as the superior candidate for selection." J.A. 38. Mr. Bazan was the "third ranked candidate." *Id.*

Mr. Bazan filed a claim with the Board, arguing that his veterans' preference rights were violated. The administrative judge explained that the Board lacked jurisdiction to review Mr. Bazan's qualifications for the position, but nonetheless explained that ample evidence showed that the agency considered all of the candidates and properly documented its selection of a different candidate. The administrative judge found that the hiring panel considered Mr. Bazan's status as a veteran "positive," and that this was enough to satisfy the "wholly nondirective" and "extreme[ly] vague[]" veterans' preference requirement for excepted positions. J.A. 19. The Board affirmed, with one judge dissenting. Mr. Bazan appeals.

DISCUSSION

We have jurisdiction over Mr. Bazan's appeal of the Board's final decision. 28 U.S.C. § 1295(a)(9). We must set aside the Board decision if we find it "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's decision about its jurisdiction without deference. *Butler v. Soc. Sec. Admin.*, 331 F.3d 1368, 1371–72 (Fed. Cir. 2003).

Mr. Bazan's primary complaint in this case is that the Army was engaging in prohibited personnel practices under 5 U.S.C. § 2302(b) by manipulating the job description for the purpose of improving the selectee's prospects for employment. He does not dispute, however, that the Board lacks jurisdiction to hear such claims. *See Schmidt v. Dep't of Interior*, 153 F.3d 1348, 1356 (Fed. Cir. 1998) ("§ 2302(b) is not an independent source of appellate jurisdiction and does not by itself authorize an appeal to the Board."). We see no error in the Board's decision that the administrative judge correctly informed Mr. Bazan that the alleged prohibited personnel practices are not cognizable claims within a VEOA appeal, and denied Mr. Bazan's motion for discovery relating thereto.

Mr. Bazan also argues that the administrative judge and the Board erred in declining to reevaluate the merits of the agency's determination on his qualifications. He points out that under the Department of Defense Instructions ("DoDI"), a "selecting official must select the preference-eligible veteran as opposed to an equally well qualified, non-preference-eligible candidate" so long as "all relevant considerations for the position are deemed equal." DoDI No. 1442.02 (Sept. 30, 2010), Enclosure 3 (Procedures for All DoD Civilian Attorney Positions), ¶ 2(f)(1). He argues that in order to review whether this

concrete requirement was properly followed by the Army, the Board should have determined whether or not he and the selectee were "equally well qualified" by reevaluating their qualifications for the position.

We decline to reach the issue of the Board's jurisdiction to review whether Mr. Bazan was as equally well qualified as the selectee. Under any reading of the record, Mr. Bazan was not "equally well qualified" such that the Army must have selected Mr. Bazan over the selectee under DoDI No. 1442.02. The job description required specialized experience in environmental law, and the agency determined that Mr. Bazan was a weaker candidate than the selectee because the selectee regularly reviewed and provided extensive comments upon environmental reports, whereas Mr. Bazan had no significant experience with environmental law issues. The undisputed record shows that the selectee was the more qualified candidate for the vacant position as described in the position description. In fact, Mr. Bazan ranked third of the three interviewed candidates.

## CONCLUSION

We have considered Mr. Bazan's additional arguments and conclude that they do not warrant a different result. Because we find no reversible error in the Board's decision affirming the administrative judge's denial of Mr. Bazan's VEOA claim, we *affirm*.

## AFFIRMED

### COSTS

No costs.