NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3675
_____

CHARLES BRIDGES,
                                        Appellant
v.

COMMISIONER SOCIAL SECURITY; JASPER J. BEDE;
JANET LANDESBURG, REANA SWEENEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-12-cv-02316)
Honorable Joseph F. Leeson, Jr., District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
October 5, 2016

BEFORE:  SHWARTZ, GREENBERG, and ROTH, Circuit Judges

(Filed: December 1, 2016)

_____

OPINION*
_____

GREENBERG, Circuit Judge.
_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

This matter comes on before this Court on an appeal from a District Court order entered on October 1, 2015, dismissing this case that Charles Bridges, a Social Security Administration ("SSA") Administrative Law Judge ("ALJ"), initiated against the Commissioner of Social Security and certain individual SSA employees.[1]  The case arose out of Bridges' loss of designation in 2010 as the Hearing Office Chief Administrative Law Judge ("HOCALJ") in Harrisburg, Pennsylvania, followed by the circumstance that he was not later designated as the HOCALJ at any other location within SSA Administration Region 3, the Harrisburg SSA region.  At the time that he lost the designation as the Harrisburg HOCALJ Bridges resumed his duties as an ALJ but without the HOCALJ managerial and administrative duties.  Significantly, Bridges' loss of the HOCALJ designation and defendants' actions of which he complains in this action did not reduce his compensation or eliminate other employee benefits and they did not deprive him of his status as an ALJ.[2]  Bridges attributes the SSA actions of which he complains as an "invidious effort to reduce the number of favorable eligibility determinations of disability benefits."  Appellant's br. at 13.

In March 2013, Bridges filed an amended complaint with numerous counts asserting Title VII of the Civil Rights Act of 1964, due process of law, Bivens, and

---

[1] The procedural history that we set forth is only partial but is adequate for purposes of this opinion.

[2] Bridges at no point in either his opening or reply brief claims that he lost compensation or other employee benefits by reason of his loss of the HOCALJ designation or any action that defendants took.

Pennsylvania state law claims.[3]  Bridges again complained in his amended complaint about his 2010 loss of designation as a HOCALJ and defendants' failure to select him to be the HOCALJ at any other SSA office within SSA region 3.  In addition, the amended complaint included claims of race discrimination and retaliation in violation of Title VII, a violation of due process, and various common law claims.  Bridges later sought to supplement and/or amend his complaint to challenge certain SSA administrative actions taken after the initiation of this action, some of a general nature and some affecting Bridges individually, including a change in the position description of the duties of SSA ALJs.

On February 21, 2014, Bridges filed a motion seeking a temporary restraining order and preliminary injunction challenging a SSA directive issued on February 18, 2014.  The directive, issued because his supervisors believed some of his decisions did not comply with SSA policies, required Bridges to attend self-guided training before continuing to hear cases.  The directive, however, did not have an adverse financial effect on Bridges because during the ten-day period, he was paid his normal salary.  Moreover, after he completed the training, he again was scheduled to hear cases as an ALJ.  The District Court denied Bridges' motion on February 24, 2014.  Bridges appealed from that order but we dismissed the appeal as moot on April 6, 2015.  See Bridges v. Commissioner, 607 F. App'x 168 (3d Cir. 2015).

---

[3] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).  The District Court dismissed the state law claims but we are not concerned with them on this appeal as Bridges does not challenge their dismissal.

3

Shortly before Bridges first sought, as we describe above, a temporary restraining order and preliminary injunction, defendants moved to dismiss the action. On March 28, 2014, the District Court granted defendants' motion to dismiss the amended complaint with the exception of Count II in which Bridges alleged that his rights had been violated when he lost his HOCALJ designation. Bridges subsequently moved for reconsideration of the March 28, 2014 order to the extent that it dismissed his amended complaint. In addition, he separately filed a motion for leave to file another amended complaint. The Court deferred ruling on the motion until it entered a final order dismissing the case. On April 17, 2014, defendants again moved to dismiss Count II of the amended complaint, but the Court did not rule on that motion until the end of the case.

While Bridges' foregoing motions were pending, on October 20, 2014, he again filed a motion seeking a temporary restraining order and a preliminary injunction, this time challenging a directive to him to meet with the SSA management to discuss the quality of some of his closed decisions. Furthermore, he sought an injunction barring the SSA from conducting a "focused quality review" of his past decisions and from meeting with him to discuss such a review. On October 24, 2014, the District Court denied the motion because it concluded that Bridges had not demonstrated that he was likely to be successful on the merits or had suffered irreparable harm from the actions of which he complained. Bridges appealed from the order denying this motion but we dismissed the appeal as moot.

Before we dismissed the appeal from the denial of the foregoing motion, Bridges on March 20, 2015, again moved for a temporary restraining order and a preliminary

4

injunction, this time challenging a March 10, 2015 SSA order that he cease holding new hearings. The District Court held a hearing on the motion at which Bridges asserted that he no longer was allowed to hear cases and that, in effect, he had been suspended or removed from his position. The SSA, however, subsequently notified the Court that on July 30, 2015, it had directed Bridges to resume a reduced hearing schedule, and he was scheduled to hold hearings in September and October 2015.

On September 30, 2015, the District Court issued an opinion and order, entered on October 1, 2015, from which Bridges now appeals and which was the final order in this case. The Court denied Bridges' motions for reconsideration, leave to file another amended complaint, a temporary restraining order, and a preliminary injunction. Finally, the Court in its order granted defendants' second motion to dismiss Count II of the amended complaint as the Court held that Bridges did not have a property interest in his HOCALJ designation and therefore he had not suffered a deprivation of his due process rights when he lost that designation. Bridges v. Colvin, 136 F. Supp. 3d 620, 650 (E.D. Pa. 2015). The Court in granting the motion addressed a legal theory that defendants advanced that differed from that which it considered when it entered its original order denying the motion to dismiss the count as defendants based their earlier motion "on the ground that the claim is precluded by Title VII." Bridges v. Astrue, Civ. No. 12-cv-02316, 2014 U.S. Dist. LEXIS 42493, at *58-59 (E.D. Pa. Mar. 28, 2014). The September 30, 2015 order terminated the case as the Court already had dismissed the rest of the complaint. Bridges then appealed to this Court and we now consider this appeal.

5

The District Court had jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 2000e-16(d), and 28 U.S.C. § 1367 and we have jurisdiction under 28 U.S.C. § 1291. To the extent that we are reviewing the orders dismissing the action, our review is plenary. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). To the extent that we are reviewing discretionary decisions of the District Court our review is on an abuse of discretion basis. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013); Int'l Union, United Auto, Aerospace and Agric. Implement Workers of Am., 820 F.2d 91, 94-95 (3d Cir. 1987).

In Bridges' opening brief, he set forth the issues as follows:

> A. Whether the September 30, 2015 Order should be reversed because it constitutes an error of law or a manifest abuse of judicial discretion in the following respects?:

> (1) The Order Violates The Principles of 'Law of the Case' to the Extent the Order Has Permitted the Social Security Administration to Contest For a Second Time, Via a Rule 12(b)(6) Motion, Count II of Appellant's Complaint Alleging a Violation of Due Process When All Arguments Pertaining Thereto Were Considered and Rejected by Judge Gardner in Bridges v. Astrue, et al., (Order dated March 28, 2014); 2014 WL 1281158;

> (2) The Order is Contrary to the Holding of the Supreme Court in Kloeckner v. Solis, 568 U.S. ____, 133 S.Ct. 596, 184 L.Ed. 2d 433 (2012) In Concluding That the Civil Action was Not a 'Mixed Case,' Alleging, Both, Personnel Action Violations Serious Enough to Appeal to the Merits Systems Protection Board and Also Alleged That the Agency Actions Were Based on Racial Discrimination;

> (3) The September 30, 2015 Order and the Order of March 28, 2014, Should be Reversed to the Extent the District Courts Have Concluded That a 45-Day Rule to Timely Exhaust Administrative Remedies Prior to Filing Suit With the District Court Applies in This Case As These Conclusions are Contrary to the Applicable

6

Regulation, 29 C.F.R. § 1614.105(a)(2), Which Mandates a Period Beyond 45 Days Under Enumerated Circumstances That Exist in the Present Case;

(4) The March 28, 2014 and September 30, 2015 Orders Constitute Errors of Law and/or Abuse of Judicial Discretion By Holding That Federal Rules 15(a) and 15(d) Pertaining to Amended and Supplemental Pleadings, Operate to Deny Bridges' Motions to Amend the Complaint to Address the Lawfulness of Adverse Employment Actions Taken Against Him at Such Time as he Became a 'Rank and File' Administrative Law Judge With Privileges and Immunities Contained in the APA;

(5) The September 30, 2015 Order Constitutes an Error of Law and an Abuse of Judicial Discretion Based Under the Holdings of Hart v. Elec. Arts, Inc., 717 F.3d 141, 148 (3d Cir. 2013) and Planned Parenthood of Cent. N.J. v. Att'y Gen. of the State of N.J., 297 F.3d 253, 265 (3d Cir. 2002) Concerning Reconsideration;

(6) The September 30, 2015 Order Constitutes an Error of Law in That it has Erroneously Interpreted the Extent of Due Process to Which Appellant was Entitled Based on the Holdings of Cleveland Bd. of Education v. Laudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L. Ed. 2d 494 (1985) and Progeny;

(7) Whether the Third Circuit Should Exercise De Novo Review and Plenary Review of Questions of Law to Decide Whether the Social Security Administration Has Engaged in Patent Violations of the Administrative Procedures Act and Adverse Employment Actions Against Bridges by the Following Actions?:

(7)(A) – The Lawfulness of the Social Security Administration's Change in Position Description (Third Circuit Docket No. 14-1580);

(7)(B) – The Lawfulness of the Security Administration's Use of a Process Called, 'Focused Review' (Third Circuit 15-4555);

(7)(C) – The Lawfulness of a March 10, 2015 Employment Directive That Precluded Bridges From Presiding Over Disability Appeals, Indefinitely, (ECF #87).

Appellant's br. at 3-5.

Defendants, now appellees, viewing the case more narrowly than Bridges, defined the issues as follows:

1.  Did the district court properly deny—as untimely, procedurally unauthorized, and substantively baseless—Bridges' motion for reconsideration of the dismissal of all but one of his claims?

2.  Did the district court properly dismiss Count II of the amended complaint (alleging due process violations), because Bridges possessed no constitutionally protected property interest?

3.  Did the district court properly deny Bridges' motion for leave to file a second amended complaint, because the amendment he sought (on wholly unrelated events) would have been futile?

4.  Did the district court properly deny, as moot, Bridges' third motion for injunctive and declaratory relief, because the requested relief had already occurred?

Appellees' br. at 3.

We are fortunate on this appeal to have the benefit of two comprehensive District Court opinions addressing the issues in the case at great length, <u>Colvin</u>, 136 F. Supp. 3d 620, the opinion accompanying the final order issued on September 30, 2015, and entered October 1, 2015, from which Bridges appeals, and <u>Astrue</u>, 2014 U.S. Dist. LEXIS 42493, an opinion dealing with orders entered on issues that the Court considered on motions previously advanced from which Bridges partially appeals.  After our examination of these opinions and orders, the record in this case, and the parties' briefs, we are in accord with the result ultimately reached in the District Court dismissing this case in its entirety.  Accordingly, we do not repeat the Court's painstaking analyses of the federal statutes and regulations on which Bridges relies and the Court addressed in reaching its result.

8

We, however, do address one issue because the District Court did not discuss it. Bridges correctly points out that the Court in its opinion issued on September 30, 2015, entered on October 1, 2015, dismissed Count II of the amended complaint, even though that count had survived defendants' original motion to dismiss. He argues that the Court therefore did not comply with the law of the case principle. See Farina v. Nokia Inc., 625 F.3d 97, 117 n.21 (3d Cir. 2010). The law of the case principle establishes that when a court decides an issue its decision will govern decisions on the same issue in later proceedings in the same case. But application of the rule is a discretionary, not absolute, process and if, as happened here, a party advances a basis for a court to reach a different result than it did previously the court will not be bound by its earlier decision. See Africa v. City of Philadelphia (In re City of Philadelphia Litig.), 158 F.3d 711, 718 (3d Cir. 1998). In this case defendants advanced a new basis for the Court to dismiss Count II. In this regard, as we explained above, the Court originally denied defendants' motion to dismiss that count as it rejected defendants' claim that Title VII of the Civil Rights Act barred granting Bridges relief on that count. See Astrue, 2014 U.S. Dist. LEXIS at *58-59. But when defendants renewed the motion they successfully based it on the ground that Bridges did not have a property interest in his designation as a HOCALJ. Colvin, 136 F. Supp. 3d at 650. In granting defendants' motion the Court held that he had not been deprived of a property interest when he lost that designation and thus he had not suffered a due process deprivation by reason of that loss. Id. at 648-50. As we explain below that ruling was correct.

In any event, the law of the case principle does not bind an appellate court from rejecting a result reached in a trial court. After all, if it had such an effect then a party could not take a meaningful appeal to an appellate court from an order or judgment of an inferior court. Thus, even if the District Court should not have dismissed Count II in its final order because application of the law of the case principle precluded it from doing so, we are free to affirm that order.

We recognize that we could hold that the application of the law of the case doctrine bound the District Court to the original decision to deny the motion to dismiss Count II. If we did so we could remand this case to the District Court with instructions to reinstate that count. Then, at some later date, after the completion of the case on Count II, if the defendants lost the case they could appeal and raise a contention that the Court should have dismissed the count on the merits because Bridges did not have a property interest in his HOCALJ designation. See Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 136, 321-22 (3d Cir. 2015).

We, however, will not require the parties to engage in such up and down proceedings, no doubt at considerable expense, that would burden them for no good reason. We point out in this regard that defendants did not have a right to appeal from the denial of their motion to dismiss Count II in the March 28, 2014 order at the time that the District Court entered that order because the Court had not yet entered a final judgment. Then, after the Court entered the final judgment defendants had no reason to appeal from the earlier order denying their motion to dismiss Count II as the entry of the second order gave them the relief they sought with respect to this count. Accordingly,

10

even though defendants have not appealed from the March 28, 2014 order denying their motion to dismiss Count II, we will review the Court's order dismissing Count II on the merits in considering Bridges' appeal.

On the merits, we will affirm the order of October 1, 2015, dismissing Count II of the amended complaint. Bridges argues that the order upheld SSA action that denied him due process of law, citing Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487 (1985). Though it is clear that a public employee can have a property interest in his employment, Bridges did not have a property interest in his designation as a HOCALJ. After all, when he lost that designation he did not lose his position as an ALJ and he did not lose any salary or other benefits. Moreover, he did not have a reasonable expectation that he would have the HOCALJ designation on a long term basis as he had served as a HOCALJ at the will and pleasure of his employer. See Thomas v. Town of Hammonton, 351 F.3d 108, 113 (3d Cir. 2003). Thus, his tangible "loss" when he no longer was designated as the Harrisburg HOCALJ was the responsibility to undertake the managerial and administrative duties that accompanied that designation without additional compensation. See Butler v. Soc. Sec. Admin., 331 F.3d 1368, 1373-74 (Fed. Cir. 2003). Though we recognize that titles can have value and therefore the loss of a title can be a loss of a property interest, we will not reach a conclusion that Bridges' designation as a HOCALJ was a property interest entitled to the protection of due process of law before he lost it. Therefore, even though he thought that he had been treated unfairly when he lost his HOCALJ designation, his protectable legal interests

11

were unscathed by the loss.  Accordingly, the District Court correctly dismissed Count II of the amended complaint.[4]

The order entered October 1, 2015, will be affirmed.  To the extent that Bridges appeals from the March 28, 2014 order that order will be affirmed.

---

[4] Bridges has filed a motion asking us to take judicial notice of a district court case. Inasmuch as we do not need to address that case to decide this appeal, we deny the motion as moot.