# United States Court of Appeals for the Federal Circuit

04-3300

MICHAEL CARLEY,

Petitioner,

v.

DEPARTMENT OF THE ARMY

Respondent.

Neil C. Bonney, Bonney & Allenberg, PC, of Virginia Beach, Virginia, for petitioner.

Joshua E. Gardner, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Robert E. Kirschman, Jr., Assistant Director. Of counsel on the brief was Daniel M. Kininmonth, Trial Attorney, Litigation Division, United States Department of the Army, of Fort Knox, Kentucky.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3300

MICHAEL CARLEY,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:  June 28, 2005

_____

Before NEWMAN, CLEVENGER, and DYK, Circuit Judges.

Opinion for the court filed by Circuit Judge CLEVENGER.  Dissenting opinion filed by Circuit Judge NEWMAN.

CLEVENGER, Circuit Judge.

Michael Carley seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal.  See Carley v. Dep't of Def., No. CH0752020752-I-1 (M.S.P.B. Mar. 29, 2004).  Because Mr. Carley cannot establish the jurisdiction of the Board, we affirm.

I

Mr. Carley was employed in Fort Knox, Kentucky, by the Department of the Army ("agency") as a grade WG-08 Industrial Equipment Control Repairer.  The agency informed Mr. Carley that his position was slated to be abolished and that he would be subject to a reduction in force ("RIF").  In December 2000, in lieu of the RIF, Mr. Carley

chose to participate in a voluntary Mock RIF and registered for placement under the Department of Defense's Priority Placement Program ("PPP"). Participation in the PPP meant that Mr. Carley could avoid the possible adverse consequences of the proposed Fort Knox RIF. In January 2001, a formal RIF was noticed at Fort Knox.

Under the PPP, Mr. Carley was offered a WG-05 position with the Department of the Navy in Norfolk, Virginia, as a Utility Systems Repairer. At that time, the agency was obligated by regulation to inform Mr. Carley whether the position in Norfolk was under study for elimination. If the position was subject to a study for elimination, Mr. Carley could reject the offer and remain in the PPP, but if the position was not under study, Mr. Carley was obligated to accept the placement or be removed from the PPP. Personnel informed Mr. Carley that the Norfolk position was not under study for elimination, and on March 11, 2001, Mr. Carley chose to accept the assignment with the retained grade and pay of his WG-08 Fort Knox position for two years, rather than be removed from the PPP. The formal RIF in Fort Knox became effective on June 2, 2001.

On April 25, 2002, after Mr. Carley had been at Norfolk for over a year, the agency announced a RIF that included Mr. Carley's new position. Contrary to the information given to Mr. Carley, the position in Norfolk was under study for elimination at the time it was offered to Mr. Carley. However, through inadvertent error, the registering activity at the Fort Knox Civilian Personnel Office was not provided this information, and consequently Mr. Carley did not know that the Norfolk position he accepted was under consideration for elimination. As a result of the formal RIF at Norfolk, Mr. Carley was placed in a WG-01 grade position with saved grade and pay from Fort Knox on July 28, 2002.

04-3300                                            2

On September 2, 2002, Mr. Carley appealed to the Board his March 11, 2001, placement at Norfolk, citing his wish to return to Kentucky. He did not challenge the legality of either the Fort Knox or the Norfolk RIF but asserted that he would not have accepted the Norfolk position under the PPP if he had been told that the Norfolk position was under review for elimination.

While his appeal to the Board was pending and he was still in saved grade and pay status, Mr. Carley voluntarily accepted a promotion to a WG-08 position in Norfolk on October 6, 2002. This promotion was unrelated to a RIF or PPP. On December 9, 2002, based on this promotion an administrative judge ("AJ") dismissed Mr. Carley's case as moot on the ground that there was no relief that could be afforded to him because he had not suffered any reduction in grade or pay. Carley v. Dep't of Def., No. CH0752020752-I-1 (M.S.P.B. Dec. 9, 2002). The AJ did not address whether the Board had jurisdiction. The full Board denied review on March 29, 2004. Carley v. Dep't of Def., No. CH0752020752-I-1 (M.S.P.B. Mar. 29, 2004). Mr. Carley timely sought review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

This court will not overturn an appeal from a decision of the Board unless the Board's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). This court reviews questions of law and determinations of jurisdiction without deference to the Board. Diefenderfer v. Merit Sys. Prot. Bd., 194 F.3d 1275, 1277 (Fed. Cir. 1999).

The Board has jurisdiction over only those actions which are made appealable to it by law, rule, or regulation. 5 U.S.C. §§ 1204(a)(1), 7701(a) (2000); Butler v. Soc. Sec. Admin., 331 F.3d 1368, 1372 (Fed. Cir. 2003). A challenge to the Board's jurisdiction may be made at any time, even on appeal. Bender v Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).

III

Mr. Carley asserts that the Board had jurisdiction over his case under 5 U.S.C. § 7513. As the government points out, the grant of jurisdiction to the Board under section 7513 is limited to the specific adverse actions denominated in Subchapter II of Title 5, as listed in section 7512. These adverse actions include a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, and a furlough of 30 days or less. 5 U.S.C. § 7512 (2000).

Section 7512 also expressly excludes actions arising from a reduction in force under section 3502 of Title 5. However, the Board does have jurisdiction to hear appeals for certain actions arising from a reduction in force, i.e. "[a]n employee who has been furloughed for more than 30 days, separated, or demoted by a reduction in force action may appeal to the Merit Systems Protection Board." 5 C.F.R. § 351.901 (2005). But Mr. Carley does not assert that he has been subjected to these actions under the RIF. Rather, Mr. Carley's complaint is that he has been denied a transfer back to Fort Knox. He does not contest the Board's statement that he has been promoted to a position with the same grade and same pay, and that in the interim he received the same pay in his saved grade and pay position. Instead, he argues that the government's erroneous information on the Norfolk position led him to accept the

transfer, and but for that error he would still be in Fort Knox. According to Mr. Carley, "[h]indsight establishes that the reduction in force [at Fort Knox] most probably would have ended in his successful placement." (Appellant's Br. at 6.) He requests to be sent back to Fort Knox so that the agency can "reconstruct what would have become of him [under the Fort Knox RIF] based on his priority placement rights." (Id. at 11.) In essence, Mr. Carley complains of his transfer from Kentucky to Virginia and seeks as relief his return to Kentucky.

We have held as a general proposition that reassignment or transfer, absent an underlying action over which the Board has jurisdiction, does not provide the Board with jurisdiction.[1] See Brewer v. Am. Battle Monuments Comm'n, 779 F.2d 663, 664 (Fed. Cir. 1985); Manning v. Merit Sys. Prot. Bd., 742 F.2d 1424, 1427 (Fed. Cir. 1984); Thomas v. United States, 709 F.2d 48, 50 (Fed. Cir. 1983). This court has been clear: "[A]llegations of a reassignment without change of grade or pay do not provide a basis for MSPB jurisdiction." Manning, 742 F.2d at 1427.

Although not advanced by Mr. Carley himself, the government's brief suggests a possible avenue of jurisdictional authority for Mr. Carley. The actions complained of in this case occurred in a PPP, but the regulation that provides for jurisdiction of the Board in RIF actions may apply. The Office of Personnel Management ("OPM") has allowed

---

[1] When the Board has jurisdiction, geographic transfers may be considered when fashioning relief. The Board has held that when an agency is ordered to return an employee to the status quo ante of his former employment, geographic factors such as a return to the facility from which an employee was removed or reemployment in the commuting area surrounding the employee's former position can be properly included elements of relief. See Rogers v. Dep't of the Army, 88 M.S.P.R. 610 (2001); Holtgrewe v. FDIC, 57 M.S.P.R. 307 (1993). This precedent, however, requires an action over which the Board has jurisdiction before it can entertain geographic transfer relief.

agencies to use PPP procedures in lieu of formal RIFs for Reemployment Priority List ("RPL") rights under 5 U.S.C. § 3315.  OPM has promulgated RPL regulations that state:

> (c) An agency need not maintain a distinct RPL for employees separated by reduction in force if the agency operates a placement program for its employees and obtains OPM concurrence that the program satisfies the basic requirements of this subpart.  The intent of this provision is to allow agencies to adopt different placement strategies that are effective for their particular programs yet satisfy legal entitlements to priority consideration in reemployment.

5 C.F.R. § 330.201(c) (2005).   Under this theory, if an agency chooses to use a PPP in lieu of RPL rights, the PPP implicitly serves the purpose of protecting RPL rights.  RPL appeal rights are provided for in the regulations:

> An individual who believes that his or her reemployment priority rights under this subpart have been violated because of the employment of another person who otherwise could not have been appointed properly may appeal to the Merit Systems Protection Board under the provisions of the Board's regulations.

5 C.F.R. § 330.209 (2005).

The Board has found that it possesses jurisdiction to review violations of reemployment priority rights under a PPP when an agency maintains a PPP in lieu of a distinct RPL.  Stuck v. Dep't of the Navy, 72 M.S.P.R. 153, 156-58 (1996), overruled in nonrelevant part by Sturdy v. Dep't of the Army, 88 M.S.P.R. 502, 510 n.4 (1998).  The Board in Stuck determined that the evidence established that the agency had chosen to use a PPP in lieu of a RPL, and if review was denied under the PPP, an agency could effectively deny an appellant review under 5 C.F.R. § 330.209.  72 M.S.P.R. at 156-57.  According to Stuck, where an agency operates a placement program for its employees under 5 C.F.R. § 330.209, RPL appeal rights arise in a PPP when an employee's rights

are violated "because of the employment of another person who otherwise could not have been appointed properly." Id. at 156. In those circumstances, an agency cannot remove RPL appeal rights by substituting a PPP for a formal RIF.

However, because Mr. Carley does not argue that his reemployment priority rights have been violated because of the employment of another person, Stuck is of no aid to him. Mr. Carley asserts no error in his RPL rights, and therefore we need not decide in this appeal whether Stuck correctly states the law concerning Board jurisdiction for PPP cases. That issue is reserved for a case that squarely presents the question.

IV

Had Mr. Carley met the requirement for jurisdiction under 5 U.S.C. § 7513 or 5 C.F.R. § 330.209, his request for transfer to Fort Knox would have been within the realm of relief possible. Consequently, his case is not moot, and the Board thus erred in dismissing Mr. Carley's appeal on mootness grounds. However, because Mr. Carley has presented no jurisdictional foundation for his prayer for relief, the dismissal of his appeal must therefore be affirmed. Mr. Carley's request for attorney fees is accordingly denied.

COSTS

No costs.

AFFIRMED

# United States Court of Appeals for the Federal Circuit

04-3300

MICHAEL CARLEY,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

NEWMAN, <u>Circuit Judge</u>, dissenting.

I respectfully dissent. Mr. Carley was advised that if he turned down a valid offer under the Priority Placement Program (PPP), that is, an offer of a position not under study for elimination, he would lose his priority rights in the RIF. Thus he accepted the offer to work in Norfolk, having twice asked whether the position in Norfolk was under study for elimination, and being twice told that it was not and that the offer was valid. Within days after his arrival in Norfolk, he was told that the position he had accepted was in fact under study for elimination. He immediately told the agency that he wished to return to Fort Knox. The record shows that the agency recognized its error and recommended this remedy, but that it was not offered. Indeed, this is the same remedy Mr. Carley even now continues to seek: a return to the PPP and RIF procedures at Fort Knox.

It is correct, as the majority states, that the agency discovered its error. The record contains a memorandum between agency personnel in the Department of Defense, proposing that the "most reasonable remedy is to re-register Mr. Carley [in a PPP]." The memorandum requires notification to the originating personnel officer when "registration has been activated"; yet no such notification is in the record, nor any indication that this (or any other) remedy was actually offered to Mr. Carley. The Board did not decide the case on this ground.

The Board decided the case on the quite different ground that since Mr. Carley had not suffered a reduction in pay, and eventually was promoted to a job at Norfolk at his original grade, he had no right to complain about the agency error that caused his dislocation from Kentucky to Virginia. On this ground the Board ruled that the case was "moot." Yet the Board has recognized that wrongful geographic dislocation is subject to remedy. See Holtgrewe v. FDIC, 57 M.S.P.R. 307, 309-10 (1993) (return to a position at the same grade and pay at a different geographic location is not return to the *status quo ante*).

The uprooting of an employee from home and neighborhood and job site is not an event of insignificant human impact. When due to clear and admitted agency error, it is subject to remedy. Mr. Carley requests no more than reconstruction of the RIF list at Fort Knox with the priority of the position he held. A reconstructed RIF would determine what positions would have been available to him, and aid in fashioning a suitable remedy. A similar procedure was applied in Jordan v. Dep't of Justice, 91 M.S.P.R. 635, 638 (2002), where the Board required the agency "to return the appellant to the eligibility list for employment."

04-3300                                   2

Since remedy was possible, the Board's dismissal of the case as moot was not in accordance with law.  See Church of Scientology v. United States, 506 U.S. 9, 13 ("The availability of this possible remedy is sufficient to prevent this case from being moot").  See generally 1A C.J.S. Actions §39 (when a court can provide effective relief, when the effect of not deciding the case would be different from the relief that might be granted by ruling on it, or when a party to the action would benefit from an order that could be rendered, the case is not moot).

The government provides no excuse for the Board's erroneous ruling of mootness, and instead raises the issue of "jurisdiction."  The panel majority, deciding that the Board did not have jurisdiction, gives Mr. Carley no opportunity to defend the Board's jurisdiction, and declines to remand for this purpose.  Appellate review of agency rulings is limited to the grounds on which the agency relied, and here the agency did not rely on jurisdiction.  See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 50 (1983) ("It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself"); SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (citing SEC v. Chenery Corp., 318 U.S. 80 (1943))  (a reviewing court must judge a decision of an administrative agency "solely by the grounds invoked by the agency").

In SEC v. Chenery the Court ruled that "if [the agency's] grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."  332 U.S. at 196.  Vacatur is required. Holderfield v. Merit Sys. Prot. Bd., 326 F.3d 1207, 1209 (Fed. Cir. 2003) ("Since the Board did not address the 'working conditions' definition of a personnel action, and we are not able to review its decision without its analysis, we must vacate"); Whittington v. Merit Sys.

04-3300                                                  3

Prot. Bd., 80 F.3d 471, 476 (Fed. Cir. 1996) (because the Board "failed to make relevant factual findings or apply the appropriate statutory and regulatory law . . . we can neither reverse nor affirm the Board's decision because either action would require us to apply law the Board did not consider to facts the Board did not consider; such a complete de novo review is not our proper role"). Without more, the panel majority's action is improper.

Although jurisdiction may be challenged at any time, an untimely challenge does not also confer authority on the appellate court to develop the arguments and bar the petitioner not only from his day in court, but also from the opportunity to establish jurisdiction. See Abbott Labs. v. Gardner, 387 U.S. 136, 140-41 (1967) (the heavy weight of authority favors enabling access to the courts, not denying it). The question of jurisdiction that is now raised by the panel majority requires exploration by the Board of the complex statutes and regulations that govern RIF procedures, and should not be casually resolved to deprive the petitioner of a hearing on this threshold question. See Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 845 (1986) (finding the agency's expertise on an issue of its own jurisdiction "superior to that of a court"); St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 53 (1936) ("the judicial duty is performed in the light of the proceedings already had and may be greatly facilitated by the assembling and analysis of the facts in the course of the legislative determination. Judicial judgment may be none the less appropriately independent because informed and aided by the sifting procedure of an expert legislative agency"). Federal Circuit precedent well supports remand for the purpose of establishing the facts relevant to jurisdiction, when the challenge is raised on appeal. See Holderfield v. Merit Sys. Prot. Bd., 326 F.3d 1207, 1210 (Fed. Cir. 2003) (vacating and remanding to give petitioner opportunity to satisfy Board of jurisdiction); Dumas v. Merit

04-3300                                    4

Sys. Prot Bd., 789 F.2d 892, 895 (Fed. Cir. 1986) (same); Burgess v. Merit Sys. Prot. Bd., 758 F.2d 641, 643 (Fed. Cir. 1985) (same). In Holderfield the government argued that the Board lacked jurisdiction over an Individual Right of Action appeal because the employee had failed to identify an agency action that would constitute a "personnel action" within the meaning of 5 U.S.C. §2302(a)(2); the court held that because the Board had not considered this provision, and the court is "not able to review its decisions without its analysis," the decision "must" be vacated and remanded for the Board to determine whether the allegations were "non-frivolous" and within the identified category, which are "determinations for the Board in the first instance." Holderfield, 326 F.3d at 1209-10.

The panel majority acknowledges that jurisdiction may lie under 5 C.F.R. §330.209, which provides for RIF appeal when an employee believes that his priority rights were violated by the placement of another person in a position that should have been his. Mr. Carley states that "the vast majority of employees were placed during the RIF processes at Fort Knox," whereas he was obliged, through agency error, to relocate to Norfolk. He states that had this error not occurred, "in all probability" he would have been placed in the Fort Knox area. On its face, the criteria of §330.209 are met, and these nonfrivolous allegations, supported by admission of agency error, establish Board jurisdiction. See Smith v. Dep't of the Army, 97 M.S.P.R. 272, 276 (2004) (jurisdiction is established where the appellant makes a nonfrivolous allegation that the agency violated his RPL rights by employing another person during his eligibility for the RPL).

Agency precedent fully supports Mr. Carley. See Sweeney v. Dep't of the Interior, 73 M.S.P.R. 329, 334 (1997) (remanding for determination of jurisdiction where appellant "alleged that he was separated by RIF, that there was an agencywide policy regarding

04-3300                                          5

reemployment priority rights and that [the agency] did not follow the policy"); <u>Miller v. Dep't of the Navy</u>, 2005 MSPB LEXIS 763, at \*5 (Jan. 25, 2005) (jurisdiction is established where appellant made non-frivolous allegations, which if proven would show that "he applied to the agency for RPL or PPP rights," and that "the agency's employment of another person deprived him of those rights").

The majority's ruling that the Board did not have jurisdiction of this admitted wrongful agency action is incorrect. At a minimum, the case should be remanded to the Board for review of jurisdiction, and to fashion a remedy appropriate to the agency's conceded wrongful action.