NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3165

EDWIN FONG,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Edwin Fong, of Oakland, California, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, Keisha Dawn Bell, Deputy General Counsel, and Sara B. Rearden, Reviewing Attorney.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3165

EDWIN FONG,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752080497-I-1.

_____

DECIDED:  November 9, 2009

_____

Before RADER and MOORE, <u>Circuit Judges</u>, and WILKEN, <u>District Judge</u>.[*]

PER CURIAM.

Edwin Fong appeals from a final decision of the Merit Systems Protection Board (Board) dismissing his petition for lack of jurisdiction.  <u>See</u> <u>Fong v. U.S. Postal Serv.</u>, No. SF-0752-08-0497-I-1 (M.S.P.B. Sept. 15, 2008) (initial decision); <u>Fong v. U.S. Postal Serv.</u>, No. SF-0752-08-0497-I-1 (M.S.P.B. Mar. 11, 2009) (final order denying petition for review).  For the reasons discussed below, we <u>affirm</u>.

Mr. Fong worked as a Vehicle Maintenance Program Analyst at a saved grade EAS-25 level for the U.S. Postal Service (USPS) in Oakland, California.  In January 2008, USPS notified Mr. Fong that the domicile duty location of his position would be changed to San Diego, California.  Mr. Fong declined reassignment to San Diego in

---

[*]    Honorable Claudia Wilken, District Judge, United States District Court for the Northern District of California, sitting by designation.

January 2008 and, in June 2008, was placed in an Operations Support Specialist position. Despite this new position being listed at the EAS-17 level in an "Employee Master Record," Mr. Fong continued to be employed at the EAS-25 level with indefinite saved grade and at the same annual rate of pay.

Mr. Fong filed a petition with the Board on June 2, 2008. Mr. Fong alleged that USPS had improperly directed reassignment to San Diego and had threatened separation after he declined the reassignment. He also argued that USPS failed to follow reduction-in-force (RIF) regulations and that his acceptance of the Operations Support Specialist position was an involuntary reduction-in-grade.

In an initial decision, the administrative judge (AJ) dismissed Mr. Fong's petition for lack of jurisdiction after concluding that Mr. Fong failed to make a non-frivolous allegation that, if proven, would show that an appealable action has taken place. Specifically, the AJ concluded that USPS was not required to follow RIF regulations because there was no evidence that Mr. Fong's position was abolished. USPS offered to retain Mr. Fong at the same Vehicle Maintenance Program Analyst position in San Diego, California. The AJ also determined that Mr. Fong's reassignment to the Operations Support Specialist position was not a reduction-in-grade because, although this position was classified at the EAS-17 level, Mr. Fong continued employment at a saved grade EAS-25 level. The AJ's initial decision became final after the Board denied Mr. Fong's petition for review. See Fong v. U.S. Postal Serv., No. SF-0752-08-0497-I-1 (M.S.P.B. Mar. 11, 2009).

Mr. Fong appeals from the Board's final decision, and we have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review "questions of law and determinations of jurisdiction without deference to the Board." Carley v. Dep't of the Army, 413 F.3d 1354, 1356 (Fed. Cir. 2005).

On appeal, Mr. Fong contends that the AJ failed to take into account whether the directed reassignment was improper. "We have held as a general proposition that reassignment or transfer, absent an underlying action over which the Board has jurisdiction, does not provide the Board with jurisdiction." Id. at 1357. Mr. Fong maintains that he suffered a reduction-in-grade or demotion over which the Board has jurisdiction because the Operations Support Specialist position was listed at the EAS-17 level and not the EAS-25 level. As the AJ explained, however, Mr. Fong did not suffer a reduction-in-grade or demotion because Mr. Fong was nevertheless employed in the Operations Support Specialist position at a saved grade EAS-25 level and received the same pay. We agree. "This court has been clear: '[A]llegations of reassignment without change of grade or pay do not provide a basis for MSPB jurisdiction.'" Id. (quoting Manning v. Merit Sys. Prot. Bd., 742 F.2d 1424, 1427 (Fed. Cir. 1984)). Lastly, we reject Mr. Fong's assertion that "what the USPS is doing in this case should also be treated as a RIF process."

For the foregoing reasons, we affirm the final decision of the Board dismissing Mr. Fong's petition for lack of jurisdiction.

COSTS

No costs.