NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3234

DARRALYN C. COUNCIL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Darralyn C. Council, of Orlando, Florida, pro se.

Dana DeLorenzo, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3234

DARRALYN C. COUNCIL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752090124-I-1.

_____

DECIDED:  December 9, 2009

_____

Before NEWMAN, BRYSON, and MOORE, Circuit Judges.

PER CURIAM.

Darralyn Council appeals from a final decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction.  See Council v. Dep't of Veterans Affairs, No. DA-0752-09-0124-I-1 (M.S.P.B. Mar. 20, 2009) (initial decision); Council v. Dep't of Veterans Affairs, No. DA-0752-09-0124-I-1 (M.S.P.B. June 24, 2009) (final order denying petition for review).  For the reasons discussed below, we affirm.

BACKGROUND

Mr. Council is a veteran of the United States Air Force.  He was employed by the Department of Veterans Affairs (Agency) as a GS-2005-06 Supply Clerk, a competitive service position, in the Prosthetics Service at the Veterans Affairs Medical Center in West Palm Beach, Florida.  The Agency selected Mr. Council to participate in its

Technical Career Field Training Program, a program conducted pursuant to the Federal Career Intern Program provided for under 5 C.F.R. § 213.3202(o). On October 29, 2006, the Agency appointed Mr. Council to the position of GS-0672-07 Prosthetic Representative Trainee (Trainee). Mr. Council's Trainee position was an excepted service position.

Mr. Council signed a Statement of Understanding (SOU) at the time of his appointment. The SOU provided in part that "I understand . . . I am entering into an excepted service appointment and leaving my competitive service appointment." The SOU further provided that "I will be returned to my original grade and position, or to a similar grade and position if I fail to satisfactorily complete the training program . . . [and t]hat unsatisfactory progress may also result in return to my former position and grade, or to a similar position and former grade."

On March 3, 2007, the Agency advised Mr. Council that it was demoting him to the position of GS-1105-06 Purchasing Agent effective May 13, 2007, less than one year after his appointment to the Trainee position. Mr. Council's Purchasing Agent position had the same grade as his original Supply Clerk position. Mr. Council filed an appeal with the Board challenging his removal from the Trainee position. The agency filed a motion to dismiss, arguing that the Board lacked jurisdiction over Mr. Council's appeal.

The administrative judge (AJ) issued an initial decision dismissing Mr. Council's petition for lack of jurisdiction. The AJ observed that, pursuant to 5 U.S.C. § 7513(d), Mr. Council could appeal his demotion to the Board if he qualified as an "employee" at the time of his demotion. The statute provides in relevant part that "'employee' means

. . . a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions." 5 U.S.C. § 7511(a)(1)(B).

Mr. Council had been in the Trainee position for less than one year as of the date of his demotion. Therefore, the AJ compared Mr. Council's Supply Clerk and Trainee positions to establish whether those positions were "the same or similar." The AJ determined that the positions differed in multiple respects. The positions were in different competitive levels, involved different duties, and required different qualifications. Further, the AJ determined that the positions could not be interchanged without significant training or undue interruption of the work. The AJ concluded that the Supply Clerk and Trainee positions were not "the same or similar" and, therefore, that Mr. Council had not shown that he had "completed 1 year of current continuous service in the same or similar positions" at the time of his demotion. Thus, the AJ found that Mr. Council did not qualify as an "employee" who was entitled to appeal his demotion to the Board. Alternatively, the AJ determined that it lacked jurisdiction over Mr. Council's appeal because Mr. Council had voluntarily accepted his reduction in grade by signing the SOU. The AJ's initial decision became final after the Board denied Mr. Council's petition for review. See Council v. Dep't of Veterans Affairs, No. DA-0752-09-0124-I-1 (M.S.P.B. June 24, 2009).

DISCUSSION

Mr. Council appeals from the Board's final decision, and we have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been

followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review "questions of law and determinations of jurisdiction without deference to the Board." Carley v. Dep't of the Army, 413 F.3d 1354, 1356 (Fed. Cir. 2005).

On appeal, Mr. Council argues that he had met the requirements of being an "employee" while he was employed in the competitive service, prior to his appointment to the Trainee position. Mr. Council points to an alternative definition of "employee" under the statute, "an individual in the competitive service . . . who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A). However, whether Mr. Council qualified as an "employee" in his former competitive service position is irrelevant; he may only appeal his removal from the Trainee position if he was an "employee" at the time of his removal by the Agency. See, e.g., Van Wersch v. Dep't of Health & Human Servs., 197 F.3d 1144, 1147 (Fed. Cir. 1999). As the AJ determined, once Mr. Council was appointed to the Trainee excepted service position he qualified as an "employee" only if he had "completed 1 year of current continuous service in the same or similar positions." 5 U.S.C. § 7511(a)(1)(B). The AJ evaluated the differences between Mr. Council's Supply Clerk and Trainee positions, and substantial evidence supports the AJ's conclusion that these positions were not "the same or similar." Therefore, the Board properly determined that it lacked jurisdiction over Mr. Council's appeal.

Mr. Council also appeals the alternative basis on which the AJ determined that the Board lacked jurisdiction, arguing that his signing of the SOU did not render his demotion "voluntary." Given that the Board correctly determined that it lacked jurisdiction because Mr. Council failed to meet the statutory definition of "employee," we

need not reach this argument. Mr. Council further argues that the Agency demoted him in retaliation for his act of filing a formal complaint of discrimination with the Equal Employment Opportunity Commission. However, because the Board lacked jurisdiction over Mr. Council's action it could not consider his retaliation claims related to that action. See, e.g., Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985) ("Section 2302(b) [5 U.S.C. § 2302(b), defining prohibited personnel actions] is not an independent source of appellate jurisdiction and does not itself authorize an appeal.").

For the foregoing reasons, we affirm the final decision of the Board dismissing Mr. Council's petition for lack of jurisdiction.

COSTS

No costs.