NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHIE LEON HALL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3170

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-14-0725-I-1.

---

Decided: February 5, 2015

---

RICHIE L. HALL, Brooklyn, NY, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge*, BRYSON and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner Richie Leon Hall appeals the June 26, 2014, decision of the Merit Systems Protection Board ("Board") dismissing his petition for review for lack of jurisdiction. *See Hall v. Office of Pers. Mgmt.*, No. DC-3443-14-0725-I-1 (M.S.P.B. June 26, 2014) (Resp't's App. 1–9) ("Initial Decision"). For the reasons set forth below, this court affirms.

## BACKGROUND

Mr. Hall, a civilian, was first employed as a Traffic Management Specialist, a temporary position, with the United States Army Transportation Brigade of the Department of Defense ("Agency") at Camp Arifjan, Kuwait. Subsequently, Mr. Hall was voluntarily reassigned to a permanent position at the same camp as a Transportation Planning Specialist. As part of his reassignment, Mr. Hall requested a Living Quarter Allowance ("LQA") and other related benefits, which the Agency denied, finding he was ineligible for a LQA, and therefore not entitled to the other benefits.

Mr. Hall appealed the Agency's decision denying benefits to the Office of Personnel Management ("OPM"). On September 26, 2013, the OPM upheld the denial of benefits. Mr. Hall appealed to the Board on May 18, 2014. "Because it appeared that the Board might not have jurisdiction over the appeal," in its order acknowledging Mr. Hall's appeal, it gave him an opportunity to submit evidence establishing jurisdiction. Initial Decision, at 3. It also explained the "nature of the jurisdictional issue" and his burden of proof. *Id.* After receiving Mr. Hall's reply, the Board dismissed his petition for review for lack of jurisdiction on June 26, 2014. The Board's Initial Decision became final on July 31, 2014. Mr. Hall appeals. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

## I. Standard of Review

This court's "scope of . . . review of [B]oard decisions is limited to whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995) (citing 5 U.S.C. § 7703(c) (1988)). The issue of Board jurisdiction is a question of law this court reviews de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). This court is bound by the Board's jurisdictional factual findings "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

## II. Legal Framework

Mr. Hall bears the burden of demonstrating Board jurisdiction by a preponderance of evidence. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006); 5 C.F.R. § 1201.56(a)(2)(i) (2013). The Board's jurisdiction is "strictly defined and confined by statute and regulation" to appeals of decisions involving "adverse actions." *Bolton*, 154 F.3d at 1316. Such actions are (1) removals; (2) suspensions for more than fourteen days; (3) reductions in grade; (4) reductions in pay; and (5) furloughs of thirty days or less. 5 U.S.C. § 7512(1)–(5) (2012). "[A]llegations of a reassignment without change of grade or pay do not provide a basis for [Board] jurisdiction." *Carley v. Dep't of the Army*, 413 F.3d 1354, 1357 (Fed. Cir. 2005) (quoting *Manning v. Merit Sys. Prot. Bd.*, 742 F.2d 1424, 1427 (Fed. Cir. 1984)).

### III. The Board Properly Held It Lacked Jurisdiction Because Mr. Hall Did Not Satisfy His Burden to Establish Board Jurisdiction

The Board correctly held the OPM's refusal to grant a LQA and related benefits after Mr. Hall's reassignment was not an "adverse action" for purposes of establishing its jurisdiction under 5 U.S.C. § 7512(1)–(5).[1] As the Board found, this case does not involve a removal, a suspension for more than fourteen days, a reduction in grade, or a furlough of thirty days or less. Thus, the issue is whether the denial of Mr. Hall's request for LQA and related benefits amounts to a reduction in pay under the jurisdictional statute. The Board properly found it did not.

Mr. Hall was voluntarily reassigned from a temporary to a permanent position, and his appeal is based on the OPM's denial of his request for benefits he believes should have accompanied the new position. Thus, as the Board found, "it appears that [Mr. Hall] accepted a promotion, but the agency benefits are not what he anticipated." Initial Decision, at 4. There is no evidence Mr. Hall received the requested benefits in his previous position, and a denial of a request for benefits upon accepting a new position does not amount to a reduction in pay. Thus, as the Board properly concluded, "[t]he determina-

---

[1] Although the Board did not address it, to the extent Mr. Hall argued his claim was for "'a breach of contract of government,'" Initial Decision, at 3 (citation omitted), it is possible that jurisdiction would be proper before the United States Court of Federal Claims. *See* 28 U.S.C. § 1491; *see also Ransom v. United States*, 900 F.2d 242, 244 (Fed. Cir. 1990) ("To maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government and entitle the plaintiff to money damages.").

tion of . . . benefits . . . fails to meet the definition of an adverse action for purposes of Board jurisdiction." *Id.*

A reassignment without change in pay does not provide a basis for Board jurisdiction. *Manning*, 742 F.2d at 1427. Here, the reassignment did not result in the reduction of pay because "pay" "means the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4). In Mr. Hall's case, a LQA was not "fixed by law or administrative action"; it was discretionary. *See* U.S. Dep't. of State, Dep't of State Standardizing Regulations (DSSR) §§ 031.11, 031.112 (2009) (stating quarters allowances "*may*" be granted to employees); *see also Roberts v. United States*, 104 Fed. Cl. 598, 602 (2012), *aff'd*, 745 F.3d 1158 (Fed. Cir. 2014) ("[O]verseas allowances and differentials are not automatic salary supplements, nor are they entitlements. . . . Individuals shall not automatically be granted these benefits simply because they meet eligibility requirements.") (internal quotation marks and citation omitted).

Mr. Hall has failed to meet his burden of demonstrating the Board has jurisdiction over this case. *See Fields*, 452 F.3d at 1302. Indeed, as the Board concluded, Mr. Hall did not cite any law or provide evidence "assert[ing] that he was subjected to an action over which the Board has jurisdiction." Initial Decision, at 5. In the absence of such evidence, the Board properly held it lacked jurisdiction.

CONCLUSION

For the reasons set forth above, the decision of the Board is

**AFFIRMED**